**Leslie C. SANG, Plaintiff–Appellant,**

v.

**AMERICAN MARITIME OFFICERS, Defendant–Cross–Claimant–Appellee,**

and

**Maersk Line, Limited, Defendant–Cross–Defendant–Appellee.**

**Docket No. 01–7773.**

United States Court of Appeals, Second Circuit.

March 22, 2002.

Joseph R. Press, Law Office of Joseph R. Press, Bayonne, NJ, for Appellant.

Joel C. Glanstein, O'Donnell, Schwartz, Glanstein, Rosen, DiPreta & Goldstein, New York, NY, (Appearing on behalf of American Maritime Officers), Andrew E. Zelman Klein, Zelman, Rothermel & Dichter New York, NY, (Appearing on behalf of Maersk Line Limited), for Appellees.

Present McLAUGHLIN, PARKER, and POOLER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the United States District Court for the East-ern District of New York be and it hereby is AFFIRMED.

Plaintiff-appellant Leslie Sang ("Sang") appeals from the judgment of the United States District Court for the Eastern District of New York (Reena Raggi, *Judge*), dated June 5, 2001, granting summary judgment in favor of defendant-cross-claimant-appellee American Maritime Officers ("AMO" or the "Union") and defendant-cross-defendant-appellee Maersk Line, Ltd. ("Maersk"). The district court adopted the Report and Recommendation ("R & R") of United States Magistrate Judge Joan M. Azrack.

Sang had been removed from his position as the Master of the M/V William B. Baugh, which was operating under a Charter Agreement between Maersk and the U.S. Navy, Military Sealift Command ("MSC"). On June 9, 1998, MSC sent a letter to Maersk instructing it to remove Sang from the position; Sang does not dispute the fact that MSC had the right to do so pursuant to both the Charter Agreement and the Collective Bargaining Agreement ("CBA") between AMO and Maersk or the fact that Maersk was obligated to remove him from the position. Sang concedes that his termination from his position on the Baugh is non-reviewable and non-grievable.

On June 10, 1998, Maersk sent a letter to Sang terminating him from his position as Master of the M/V William B. Baugh *and* stating that "it is in the best interests of all concerned that you no longer be associated with Maersk Line, Limited, or the MPS program." Essentially, Maersk decided that Sang would not be rehired to work on any of Maersk's other vessels.

Sang requested that AMO commence a grievance proceeding on his behalf. Thomas Kelly, an AMO Vice President, reviewed Sang's submissions, the CBA,

and relevant documentation and informed Sang that the AMO would not pursue the grievance because it lacked merit. Sang appealed internally, but the AMO affirmed the decision not to pursue the grievance to arbitration, concluding that MSC exercised its non-reviewable right of approval for the Master position and that upon termination from that position, Sang had no contractual right to employment, retention or re-employment with Maersk.

Consequently, Sang brought this action claiming that AMO breached its duty of fair representation by not pursuing to arbitration a grievance on his behalf. It is well-established that "a union breaches the duty of fair representation [only] when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44, 119 S.Ct. 292, 142 L.Ed.2d 242 (1998) (citing *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967)). *See, e.g., Spellacy v. Airline Pilots Ass'n–Int'l*, 156 F.3d 120 (2d Cir.1998) (same); *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991) (same). For substantially the same reasons as set forth in the R & R, which was adopted by the district court, we find that AMO's actions were reasonable and not "arbitrary, discriminatory, or in bad faith."

Accordingly, the judgment of the district court is AFFIRMED.